LEVINSON v PAYSON

WORKMEN'S COMPENSATION—DOMESTIC WORKER—VOLUNTARY COVER-
AGE.

> A domestic worker could not sue her employers where the em-
> ployers had voluntarily secured workmen's compensation cover-
> age through the labor broker who has assigned the worker to
> them (MCLA 418.121).

Appeal from Oakland, Clark J. Adams, J. Sub-
mitted Division 2 March 9, 1972, at Lansing.
(Docket No. 11060.) Decided May 1, 1972. Leave to
appeal granted and decision of Court of Appeals
reversed, 388 Mich 792.

Complaint by Lorie L. Levinson against Anthony
and Lois Payson for damages for injuries received
in a fall. Accelerated judgment for defendants.
Plaintiff appeals. Affirmed.

*Gerald R. Hershberger,* for plaintiff.

*Lacey & Jones* (by *John Hayes),* for defendants.

Before: LESINSKI, C. J., and BRONSON and TAR-
GONSKI,* JJ.

PER CURIAM. Plaintiff was injured by a fall in
defendants' home where she was a domestic
worker. She recovered workmen's compensation
benefits through the labor broker who assigned
her to work for defendants. Plaintiff brought this
suit against defendants as third-party tortfeasors

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 106.

* Former circuit judge, sitting on the Court of Appeals by assign-
ment pursuant to Const 1963, art 6, § 23 as amended in 1968.

and appeals an accelerated judgment in their favor.

Plaintiff argues that since she was a domestic worker in defendants' home, defendants are not liable under the workmen's compensation act, MCLA 418.118; MSA 17.237(118), and are not protected by it. The unrebutted affidavit accompanying defendants' motion for accelerated judgment set forth that defendants had, through the labor broker, voluntarily secured workmen's compensation insurance coverage. This is permissible under the Workmen's Compensation Act. MCLA 418.121; MSA 17.237(121). On these facts, the case is indistinguishable from and governed by *Renfroe v Higgins Rack Coating & Manufacturing Co, Inc,* 17 Mich App 259 (1969).

Affirmed.